Good morning and may it please the Court, and I will refer to my client as Benlida, which is much easier to pronounce. Your Honors, I'm Richard Lerner. I represent Benlida, who respectfully requests that the decision and order appealed from and the judgment that was entered be vacated and the case be remanded for a trial. The Court disregarded the facts in the record that demonstrated a triable issue of fact. The Wu Yu Kun declaration explained the error in the audit confirmation that the defendants rely on. Before we get there, we have to deal with what really is the District Court's ruling here, which is, and I think it really, everything I think flows from it, which is that you didn't plead explicitly, we'll call it, an agency, alter ego, piercing the veil theory, and because of that, you cannot reach the conduct of the Hong, I'll call it the Hong Kong affiliate, rather than the parent company here in the United States. It'd be helpful to me if you address that error, because I think everybody's going to agree that everything else flows from that. That was an error because in Ray against Commissioner and St. Joseph's Hospital, this Court said that a complaint is sufficient if it puts the defendant on notice that evidence in support of the claim will be introduced at trial. Now agency is not a cause of action, Your Honors, and so held the Florida Court in Maestrelli. So therefore, there was no change in the fundamental theory of the case when agency was asserted as in opposition to the motion for summary judgment. It's not a cause of action, but it is a way to hold a party who is otherwise not directly liable liable. Yes, but... Isn't it required at least, like, say the word? No, Your Honor, because Maestrelli said that... You can hide the ball in pleading and not bring it up until summary judgment. Well... You're allowed to do that? Yes, absolutely. And in fact... Let's talk about that. So there's a case called, and it's cited in the briefs, Molinas, Valle de Seabo por C por A versus Lama. And that case isn't exactly like this, but it's similar. In that case, there was actually a trial. And the first time agency was brought up was in the response to... Was actually in response to the judgment as a matter of law. The case at that point had been tried on an alter ego theory, but no one had mentioned agency at all. And in response to the judgment of matter of acquittal, or judgment matter of law at trial on a particular claim, the party said, well, we're trying to hold them liable as an agent. And the district court there said, well, you didn't plead it. And so you can't bring it up for the first time here unless you amend. And there was no ability or no... There was no amendment under Rule 15. And what we said there is we agree with the district court that Molinos did not raise an agency theory in any of its court filings up until trial. The amended complaint only inserted alter ego theory to hold the Lamas liable for these two folks' actions. And then it cites the complaint, and it actually emphasizes the portions that said alter ego. And after citing those two portions of the complaint says, nowhere does it allege an agency relationship. Isn't that an indication that in order to be able to try the case, which essentially what summary judgment is, it's a pretrial of the evidence as it exists in the light most favorable to the non-moving party, that you have to actually say the word agency in the complaint? No, you don't need to actually say the word agency because it is not a claim. The evidence... Wouldn't Molinos have come out... The counsel. Wouldn't Molinos have come out the other way if what you just said is correct? Well, no, because in Molinos, the complaint alleged alter ego. No, it didn't. It just said alter ego. But as you just said, you don't have to do any of this. So you're saying as long as it didn't say alter ego, it said nothing at all, that would have come out differently. They would have said, oh, you didn't say anything at all. That's okay. You can bring up for the first time in response to a judgment as a matter of law. Well, what's... What happened there is that there was a fundamental change in the theory of the case, rather than presenting... As in our complaint, we allege that CTX-US was responsible for all the orders. And in fact, they admitted it. In the answer... Where did you allege that? In which paragraph of the complaint? Pleading. Paragraph 447. The aforesaid goods were ordered pursuant to the manufacturing agreement. And CTX-US admitted it. Paragraph 448... But you allege that CTX-US, Citronics, in the complaint was the ordering party. Well, pursuant to the contract... No, no, no. I'm looking at paragraph 12, which is incorporated into all of the accounts here. During the time period at issue, meaning all of this, plaintiffs issued the following invoices and caused the circuit boards that were ordered by Citronics to be delivered in accordance with the terms of the invoices. Didn't... Saying that Citronics was the one that ordered the invoices? Yes, because under Florida law, Mistrelli makes clear that when an agent orders for a principal, it is the principal that is actually doing the ordering. That could be the case, but darn, you're required to say that? No, no, Your Honor, because agency is not a cause of action. The claim is CTX-US breached the contract. CTX was alleged in 448 to have agreed to pay for all of the orders. And they admitted that... How can you say in the complaint that one party ordered the goods and then later on say, no, another party did as the agent of the other... As the agent of the original party. Those are two different things, are they not? Not under Florida law, substantive law, agents... When an agency acts... We're not talking about... Let me be clear. Yes, agency as a matter of substantive law is correct, but pleading standards are... And amendment standards and what needs to be done at summary judgment is a matter of federal procedural law.  How do you not need to plausibly... Let's take plausibility out of it. How do you not even use the word agency to put anybody, the court, the opposing party, anybody on notice, that you're not talking actually about the defendant who's before you, but in fact, some other party who's acting as an agent for the defendant before you? Because it is rule nine that says what must be specifically... I'm not talking about specifically. I'm not talking... When you're talking about rule nine, you're talking about specificity of who, what, where, why, how, for fraud and the other things listed there. I'm just saying the word. Yes. And as Judge Easterbrook said in Seventh Circuit Court, when a judge says a fact wasn't pled, one must look to the law and say what particular law requires that to have actually been pled in the complaint. We don't do fact pleading. We plead claims. The claim here was pled that CTX-US breached its contract, and there's only one contract. It had the obligation to pay for all the PCBs that were ordered pursuant to that contract, which it admitted in 448. It agreed to pay for them. That isn't true unless an agent acted on their behalf. In other words, let's say I called up Ben Lida, and I said, Ben Lida, I would like to order some boards for someone that's on this exclusive list. I have no relationship with Citronix at all. I'm not its agent in any particular way. I just happen to like, and I want to hang up in my office, some really, really great boards that your client makes. And I want to sell them to someone on the exclusive list who wants to do the same thing. I'm not an agent of them, aren't I? If you want to hold me liable, don't you need to actually say, Robert was acting on their behalf? Every order had the exclusive customer code, which was an exclusive of CTX-US. When an order was placed bearing that exclusive customer code, it was an order that benefited CTX-US, because CTX- Counsel, I'm not saying that there isn't facts to support an agency theory. That's separate and apart. In other words, you may win if you had pled this. The question and the error that we're talking about is nobody put anybody on notice that you were seeking to hold somebody liable there. And in fact, you explicitly excluded this party from the complaint so that you can be in federal court so that diversity wasn't defeated. That's correct. There was no need to bring them in because they're co-obligors. A co-obligor has a primary obligation to- And where would I indicate that they're a co-obligor? Where is that? By virtue of the contract that makes the CTX-US the primary obliga- In fact, the only obligor to pay under this contract. CTX-US- That which it orders. That which it or its agent orders, correct? For that which is ordered in CTX-US's behalf. I just gave you a hypothetical though. I ordered someone on the exclusive client list. I used the right code. I happened to guess right and put XX538. They were delivered to CTX-US, and CTX-US accepts them. CTX-US has to pay for them. How would it put a court on notice that you were seeking to hold me liable under that circumstance? Because we read a complaint under Rule 8 pleadings. It has to be simple, straightforward. And this was simple- But in Molina, Molina explicitly cited Rule 8 and that exact language of simple and plain complaint. And Wray against Commissioner and St. Joseph Hospital. But Molina specifically said in this exact context that you actually have to use the word agency in order to put the court on notice that this is an issue for trial. Well, Your Honor, the pleadings put CTX on notice by virtue of the allegation that these PCBs were ordered for CTX-US, and it admitted it. It admitted it. Paragraphs 447, the aforesaid goods were ordered pursuant to the manufacturing agreement. 448, CTX-US agreed to pay for them. 450, CTX-US received all of the invoices. 433, the price increases were applied to all of the orders and agreed to by CTX-US. So they were on notice that they were being sued for these invoices. Rishi Kukreja testified that he was aware he was being sued for these invoices. Even their own experts testified that they were aware. Again, that's not the pleading. That's, you're talking about the record. Right. And the pleading was sufficient to put CTX-US on notice that these claims would be supported by evidence. And they have been supported by evidence. The evidence presented in opposition to the motion for summary judgment demonstrated that CTX received the benefit that they were ordered on CTX-US's behalf. Not just the 248 or so invoices that were, that bore the CTX-US name, but also the CTX-HK invoices, which for each of which there was an X number indicating that they were an exclusive customer of CTX-US. They received the volume discount. They received a two-year exclusive extension. Every time CTX-HK placed an order for a CTX-US exclusive customer, they got the benefit of an additional two-year exclusive. They got the... I think we understand your argument. You're starting to eat into your rebuttal time, so you might want to save that time. I'll give you your full reserve time back for rebuttal. Good morning. May it please the Court. Stephen Rosenthal and Christina Martinez on behalf of Appalachian Circuitronics, LLC. The distinctive feature of this case is that the plaintiff sued Company A for goods that it sold to Companies A and B. And under Florida law, which everyone agrees governs, a company is not allowed to charge to the account of a different company debts owed by A. Can't charge them to the account for A and B. So you've got to have something alleged in this case that crosses the corporate membrane. Something to put the defendant on notice that the theory that you're seeking to hold A responsible for A and B is permissible. If we were in Florida court, would that be true? Well, there's obviously that case that says no. As a matter of Florida pleading, you don't have to. And if they had chosen to bring Circuitronics Hong Kong, this other related company, into the case in state court... I understand that the pleading standard is a procedural issue and we're not bound by that. I get that. But still, if Florida is saying that it's an implicit theory in any sort of liability that you bring against Company A and you're hypothetical, that implicit within that is that all its agents are there and we've attached these invoices, which are about the agents. Why is that not... I mean, that seems to bleed a little bit into substantive law. And why is that not within the Rule 8 standard that we have not sufficient to then for you to flesh out who are you guys talking about? Hey, you attach these invoices that are for the Hong Kong affiliate. Why are they not liable? Well, just to correct one factual thing, there were no attachments to the complaint. Sorry, I apologize. But that the invoices were... 170 of them, I believe, were referred to were invoiced to this Company B. That's correct. And I think that you just have to look at the divide between federal law that governs federal pleading standards and federal court, period, full stop. What's your best case in the 11th Circuit, a published case, ideally, where the failure to allege agency or alter ego or piercing the corporate veil or some one of these theories was seen as a defect at the dismissal stage? I have not found one that specifically addresses that point. I think your reference to the Molinos case, I don't recall if that's published or not.  It does address that, but it's not at that stage of the case. That's why I filed the 28J with the very recent decision in Caterpillar, which was at the 12B6 stage, which I thought drew an important distinction between a complaint like this case, which is like the one that that Caterpillar decision distinguishes, a state of Bass versus Regents Bank, where it just sort of vaguely references a contract and something that actually makes allegations about the contract, about the promise that's being sued upon. And that was at the 12B stage. I think the MSP claims recovery case, which is applying the doctrine that I've labeled the bound by the pleadings doctrine, for lack of a better term, that was one that says, look, where there's multiple contracts that you, the plaintiff, are alleging might have been violated here, you need to at least plead something that's specific enough to put the defendant on notice that this is the contract you're referencing. Now, in terms of notice, one thing that's really important to bring out about this case is that this was a lengthy relationship between these two companies. By the two companies, I mean Benlita and Circuitronics LLC. There were also relationships between a sister company in China called ROK, which is a plaintiff in the case that got dismissed, and a sister company on our side, Circuitronics Hong Kong LLC. There were multiple different amendations of contracts over time in meeting minutes. There's actually something pled in the complaint, I think it's paragraph 434, that talks about price increases. That came about because of a meeting between principals in the company that led to a change about the way that they're going to treat pricing from a particular point in time forward. There were probably eight or 10 of these different meeting minutes, and there were various emails over time. The trial that went forward in this case on our counterclaim brought out all this evidence to establish what the various picayune details that changed over time in the relationship were. I say that because nothing in the complaint pointed us to what the allegation was that I said crosses the corporate membrane. What is it that is making us responsible? You're claiming we're responsible for goods delivered to a different company. If it's inherent in Florida law that when you allege that company X did something, that that means company X and all of its affiliates. Well, I think that there's a distinction because if you look at that case, and there's also the U.S. Iron case from the Northern District of Florida that cites that. I don't think our brief did a good enough job of sort of teasing this out, but there's a distinction between those two cases, the Maestralis case and the U.S. Iron case, because that was where the agent was acting as the sort of go-between for the purchaser of the sale, and the sale was between the seller and the buyer, the principal. Isn't that essentially what's being argued here? No. What's distinct, actually, is that there are two separate companies. It's sort of established that these circuitronics U.S., or circuitronics LLC, and circuitronics Hong Kong are separate entities. There was never proof on the merits that there were alter egos, not even an allegation. We're not there. As you point out very well, we don't mix trial evidence with the evidence we have at summary judgment. Fair point. But I guess the distinction I'm drawing between that state law case, the state case, and the U.S. Iron case, is that here you had sales by the plaintiff to two separate companies, A and B. It's not like in those state cases, they sold it to the agent and to its principal. It was two separate sets of sales. I know, but the theory he's bringing, and this gets to the merits a little bit, and I don't really want to get there yet, but the theory he's bringing is that Hong Kong was acting as essentially an agent buying the goods for the underlying company, and that it is very much like those two cases, both the state case and the case from the Northern District of Florida. I understand your theory is these are just separate companies with separate relationships and separate contracts, but that's where he's going with this. I think the problem is their own complaint gets in the way of that, because the only thing they allege, they have these two different sets of long lists of invoices with the codes that the Chinese company used, CCT or CCT-HK. And obviously what our side knows from those codes is that the HK ones are sent to the circuitronics Hong Kong company. So they're saying that we, and the way that that happens, and none of this is explicit in the complaint, but is that a buyer, circuitronics places a purchase order with the factory in China. That purchase order is then responded to with an invoice, which is what they list in the complaint. But by knowing that, does that not put you on notice, at least somewhat that your company, your client, not you, your client is being held responsible for the Hong Kong invoices? We certainly understand that that's what they're trying to make us responsible for.  No question, but that's not enough. And I think that the best thing... Not enough for what? Finish that sentence. Not enough to get out of the box of this bound by the pleadings doctrine of the necessity to plead with greater detail about the nature of the promise, the material points that would give rise to the claim. So the MSP claims recovery case addressed that exact issue. I know it well, because I was the one with the shoe on the other foot, making the argument to the court saying, you know, look, there's a different contractual basis in the complaint that sufficiently put them on notice. They were aware of it. And the court said, and I quote, that fact, even if true, would not relieve plaintiff of its obligation to follow the pleading requirements and allege in its complaint that the settlement agreement, as opposed to the insurance policy that was pled, served as a basis for liability. The whole point of both rule 12, rule 8, and this bound by the pleading principle is that you've got to place the other side on notice of the material points that plausibly give rise to the basis for the claim. Is there some distinction, though, that in MSP and then in Molinas too, and that your opposing counsel referred to this when I was having this discussion with him, that by identifying one particular theory and then arguing something different, that is sort of, you know, putting, that sort of pulls the rug on someone as opposed to not alleging any theory at all, which opens the door to all particular theories? That's a plausible distinction. But I think that's what your opposing counsel is trying to say to us. But I think that if you plead nothing and say everything is fair game, you've admitted that you're violating these basic principles. That's a great rule 12 argument and maybe a rule 8 argument. I just don't know if that's a good enough basis for at the summary judgment states once you're past all that, once there isn't a motion for a more definite statement, once the district court is denied dismissal to then come and say, well, we weren't on notice of this and this theory is an unpled theory. Well, the difficulty that it places the party and the opposing party here, the defendant, our client, is that you don't know what the parameters are of the case until you're at the dispositive motion deadline and you have to guess. And in this case, let's just take another example. Even the more kind of traditional claim putting aside circuitronics Hong Kong itself, the invoices to our client, which are clearly sent to our client, ordered by our client, and they say, well, you didn't pay for them from 2018 to 2019. And we know we paid for them. We sent the money. It's later proven to be factually correct that we paid more than the face value of those invoices. What is it that they are alleging? What is the basis for the allegation that they remain unpaid? Complete head scratcher. You don't find out until the close of discovery that they had a secret commingled accounts receivable book where they were taking the payments that we made and saying, oh, there's this other company, circuitronics Hong Kong that we're going to consider to be the same. Isn't that exactly the purpose of discovery? I mean, or let me ask you this. Did you seek a more definite statement at any point to sort of say like, hey, you're holding us responsible for these invoices. We paid for them. We did not. We did not. And I don't think that this court's doctrine in the bound by the pleadings principle has ever said it's an obligation for you to have exhausted all of your procedural remedies under Rule 12 in order for the defendant. I agree. But if the issue here is they pled it very generally or broadly and we just didn't know kind of which direction they were going in. Isn't that exactly what discovery is for is to figure out what direct? I mean, interrogatories are often like, how are you holding us responsible for these things? I'm sure that would be interrogatory number one. Of course it is. And the point is that like, you know, it happened to the district court actually applied the court's existing doctrine in our favor. And so we weren't saddled with the potential fallout of this incredibly broad complaint. For example, had we known that the exclusive customers was the sort of key unifying theory behind these 170 invoices, which is nowhere mentioned in the complaint, we could have used the discovery process in an intelligible way to, for example, take third party discovery from those customers and say, oh, were there any communications that you had with us about ordering these things? Us, Circuitronics LLC? No. It would have been, we dealt with Circuitronics Hong Kong, separate company. I mean, that's the kind of thing that could have happened that didn't happen because of a completely unclear complaint. So I mean, I take your point, Judge Luck, that all things being equal, if you were doing it perfectly, you would have moved for a more definite statement. In this case, what was being done at the 12B stage was that they had done a shotgun pleading where they had mixed together ROK and Ben Lita as plaintiffs. So there was double clarity, lack of clarity on the plaintiff side and the defense side about which entities were sent out alleging that they sent things to the other. So that was the focus. And the other focus was keeping Circuitronics Hong Kong clear by bringing it into the case or telling the district court that if you can't bring it because it's going to destroy diversity, that this case needs to be dismissed for lack of jurisdiction, because that company is essential to this case. We're not saying we weren't aware that they were trying to hold us responsible for Circuitronics Hong Kong's deaths. The question is how? On what theory? On what basis? The complaint gives us nothing. It makes me think of the parents' remonstration to a child, which says, well, because I told you so, because I said so. Well, that's not satisfactory to the child because it gives no basis for the decision for the reason. That's not fair. Why? Well, a complaint for pleading purposes has to put the defendant on notice of the basis, at least a plausible factual allegation as to the basis. They could have alleged, for example, even if they didn't have to say the word agency, they did it. Circuitronics LLC placed these orders or Circuitronics Hong Kong placed these orders on behalf of Circuitronics LLC or for Circuitronics LLC or it was Circuitronics LLC's exclusive customers. None of that is in the complaint. That was a complete mystery through the case. And that is precisely what the doctrine is designed to do, which is why at summary judgment, in addition to arguing the merits of the case, we said, wait a second, we don't even know exactly what their theory is. So let us bring this doctrine before the district court. And the district court said, not only do I think it's applicable, but let me tell you how it actually was deceptive to the court itself, because the doctrine of clear pleading doesn't just protect the opposing party. It's also for the district court to manage a case. And in this case, the district judge said, well, geez, had I known that you were seeking to hold Circuitronics LLC, the defendant responsible for Circuitronics Hong Kong and non-parties, I would have dismissed the case. How do we weigh that fact in? I mean, that is, I have to say, that is an interesting thing. The thought articulated by the district court that this thing was kept purposely vague, so that even if vague complaint would be OK under our doctrine, if it's done for the purpose of sort of obfuscating jurisdiction to hide the ball, that even just in terms of the equities, I sort of see like if this is close, how that not tips in your favor as opposed to theirs. How do we weigh that in doctrine? I don't think you even have to go as far as alleging motive. And I'm not alleging motive. I'm just saying. I think you admitted it here. I mean, it's clear as day. And I understand it. I mean, you want to be in federal court. You know this defeats a diversity jurisdiction. So you exclude it and go after your you only want the parent anyway. So I suppose that's true. And if the point here is that the party or the non-party, the entity that is critical to your claims, that's apparently going to be alleged to be the agent or the alter ego, which also came up in sort of a half-baked way in response to the summary judgment motion, is going to be implicated in the case. Then you need to be forthright with the district court about that, both in the complaint and certainly in response to a motion to say that it's an indispensable party. I mean, I think that that's sort of a unique feature of the procedural history of this case. But I think it all folds neatly into the. What was the response when you when when your client filed a motion saying Hong Kong is a dispense is an indispensable party here. What was the response to that? They said. Obviously said no, but why? No, we can hold Circuitronics U.S. responsible. And they actually articulated the agency theory. They said we're going to say they're an agent. So, OK. And they said the reason that they're an agent is the 2014 business authorization document. So they identify they actually said that's the exclusive. I'm sorry, there's a term in the in the complaint expressly agreed in paragraphs 447 and 448. They cited in their response to the motion dismiss paragraph 448 is talking about the express agreement. So they're talking about a letter that was written in 2014, which then gets superseded in 2016. So we have no idea what the possible basis is for their allegation that we are responsible for this other company's sales that were sent to the other company, not to us. So given that I've exceeded my time, unless the court has other questions, we would urge the court to affirm the ruling. The summary judgment was proper under the existing doctrine and the remaining trial was a perfect follow through on the result of that summary judgment ruling. Thank you. Rebuttal. Thank you, Your Honors. So we heard counsel acknowledge that on receipt of the complaint, they are aware that we were seeking that Bentley Dye was seeking to hold them liable for the CCTHK denominated invoices. Right, but what about his argument that there was no basis for liability in the complaint? Well, the basis for the liability is breach of contract. The contract is all that was, is the substantive basis for holding CTX US liable. And that agency doctrine under substantive Florida law is irrelevant. The principle is liable when goods are ordered by it or for it. Mestrelli, there was a, it was materials delivered to a job site ordered by the, by an agent. The, as a matter of substantive law, it was found that there was no need to plead. There was no, the agency relationship was irrelevant. When an agent act, it's actually the principal who is acting. Your Honors, counsel's correct in opposition to the motion to find CTXHK to be an indispensable party. We put them on, we said it was an agent acting on behalf of CTX US. And we argued that they are co-obligors. And I was mistaken in that motion in that I relied on the 2014 business authorization rather than the contract itself. But they were certainly on notice that that was the theory. There has never been an effort to hide the ball here. There was an effort to be candid and simple. We are seeking to hold CTX US liable for the orders that were placed for its exclusive customers by CTX US and CTXHK. They acknowledged receipt of all of the invoices. Counsel just stood here and said that those invoices were sent to CTX HK. They acknowledged in the answer 450. It was alleged that CTX US received all the invoices. They answered they had. Your honors, there has been no effort to deceive the court. We presented a simple statement of the claim, albeit there were 400 or so invoices mentioned, but it was a very simple claim. And under Caterpillar, the court said it's sufficient to allege a valid contract. A breach damages. And your honors, this court cited my main case in that decision, Johnson against City of Shelby. US Supreme Court said, you don't let cases turn on such technicalities. On a summary judgment determination, you don't look at whether what was pled. You don't throw a case out because a certain statute wasn't pled. You look for the substantive claim. Is there a viable claim in the record? And the US Supreme Court reversed, summarily reversed the appellate court in Johnson against Shelby, remanded it, holding that it was not necessary to plead with such a punctilio of accuracy all of the possible claims. It's enough to state a claim. And the judge's role on reviewing a summary judgment motion is not as this judge had the mindset of looking for every possible thing that could be found wrong with Ben Lido's submissions. Instead, he should have looked through the record and said, is there a triable issue of fact? And Roger Wu, Wu Kun-Yu's declaration demonstrated that there was a triable issue of fact, that the audit of December 31, 2019, which incorrectly said that there was no money owed by CTX-US on that date was a mistake. He explained that it was, there were two audit forms in front of him. One said CTX-HK owes 12 million. One said CTX-US owed nothing. And he signed the wrong form. It's for a jury to decide whether his explanation is credible. There was no hiding FIFO here. In the answer to the counterclaim, Ben Lido stated that FIFO was applied. There was no effort to hide anything or obfuscate or trick anyone. This was a straightforward pleading. And it's a straightforward case, frankly. There was a manufacturing agreement. They ordered the goods. Their agent ordered goods for them. They didn't pay for them. We applied proper FIFO accounting when tranches of money was sent to the earliest invoices. If there is an issue of fact, it's only the Ott against Bray issue as whether the payment details that they sent a month, two months, three months later after sending the tranches of money, whether those were reasonably prompt payment instructions. That's the issue of fact. Nonpayment is really not in dispute. They've acknowledged that the invoices were sent. They've acknowledged that they agreed to pay for them. There's really no denial here that money was owed. And I will... Governor, you need to conclude your remarks, please. I will conclude with just noting that the statement of material facts submitted by CTX-US had no averral by them that it had no obligation to pay for the PCBs ordered by CTX-HK for CTX-US's exclusive customers. Thank you, Your Honors.